UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| ARCHER-DANIELS-MIDLAND COMPANY, a corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 09 C 2283 – MPH-DGB |
| JONES-BLAIR COMPANY, a corporation, d/b/a NEOGARD, a Division of Jones-Blair Co., a corporation, | ) ) ) ) ) ) | |
| Defendant. | ) | |

**REPLY TO JONES-BLAIR COMPANY'S MOTION TO COMPEL ARBITRATION**

Now comes the Plaintiff, Archer-Daniels-Midland Company, by its attorney, Jerrold H. Stocks of Winters, Featherstun, Gaumer, Postlewait, Stocks & Flynn, and for its Reply to Jones-Blair Company's Motion to Compel Arbitration, it states:

The Complaint herein is a two count Complaint seeking recovery for breach of contract at Count I and recovery for a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act at Count II. Defendant seeks to stay all proceedings in this Court and compel arbitration on all claims. Plaintiff takes the position that the claims set forth in Count II are non-arbitrable claims and that the cause may proceed with respect to the Count II claims.

A party to a contract may waive the right to insist on compliance with an arbitration clause. Howard Hill, Inc. v. George H. Fuller Co., 473 F.2d 217, 18 (5th Cir, 1973). Plaintiff does not assert that waiver applies in this case. The Plaintiff acknowledges the policy in favor of arbitration for Count I pursuant to the following arbitration clause: "Any controversy relating to the terms of this warranty shall be settled by binding arbitration administered by the American Arbitration Association, and the parties hereto irrevocably consent to such arbitration to be

conducted in Dallas, Texas." The Defendant has elected to assert the arbitration clause while it persists in denying its obligations under the warranty terms set forth in the same agreement.

However, where non-arbitrable issues substantially permeate the entire case and make it difficult to separate out the arbitrable issues, the District Court has discretion to stay arbitration pending a judicial resolution of the non-arbitrable claims. Dickinson v. Heinold Securities, Inc., 661 F.2d 638, 644 (7th Cir., 1981). By controlling the order of the two adjudications [arbitration and judicial resolution of the non-arbitrable claim], a procedure certainly within the power of the District Court, the District Court can preserve its full authority to decide the non-arbitrable federal issues without any collateral estoppel consequences from a prior arbitration. *Id*. at 644. Common issues permeate the two counts at issue. The question first presented is whether both counts are subject to compulsory arbitration. Plaintiff submits Count II is not.

The crux of a consumer fraud claim under Illinois law is that a complained of practice offends public policy and represents a practice that is immoral, unethical, oppressive or unscrupulous causing substantial injury to consumers. Golembiewski v. Hullburg Insurance Agency, 262 Ill.App.3d 1082, 92-93 (1st, 1994). As applied to the instant case at Count II, it is alleged that the Defendant offered its product for sale with a promise that it would stand behind the product and workmanship of the subcontractor applying the materials when it had no intention of actually honoring the warranty of the workmanship of the subcontractor. Thus, a deceptive practice violative of Illinois public policy to the injury of any consumer of its roofing product. As a matter of public policy, a Court should not order an arbitration panel in Texas to resolve a dispute arising out of a Texas corporation's failure to comply with an Illinois law enacted for the purpose of protecting Illinois residents. See: Barter Exchange v. Barter Exchange, 238 Ill.App.3d 187, 195 (1st, 1992). The public policy of the State of Illinois to protect consumers is the basis for the cause of action which exceeds the scope of the arbitration clause. Accordingly, Plaintiff should not be compelled to arbitrate Count II.

As is set forth above, this Court has the discretion to control the order of the adjudications between the arbitrable and non-arbitrable claims.  Plaintiff respectfully requests that the Court deny the Motion to Compel Arbitration of Count II and deny the motion to stay proceedings with respect to Count II.

    Respectfully submitted

    ARCHER-DANIELS-MIDLAND COMPANY,
    Plaintiff,

    s/Jerrold H. Stocks
    06201986
    Attorney for Plaintiff
    Winters, Featherstun, Gaumer, Postlewait,
     Stocks & Flynn
    225 N. Water St., Suite 200
    P. O. Box 1760
    Decatur, Illinois  62525
    Telephone:  (217) 429-4453
    Fax:  (217) 425-8892
    jstocks@family-net.net
    jstocks@centralillaw.com

CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a copy of the **Reply to Jones-Blair Company's Motion to Compel Arbitration** was filed electronically on November 14, 2009. Notice of filing will be sent to the following parties by operation of the Court's electronic filing system:

Frederick V. Lochbihler
Chapman and Cutler, LLP
111 W. Monroe
Chicago, IL  60603
lockibhl@chapman.com

Chad S. Beckett
Beckett & Webber, P.C.
508 S. Broadway
P. O. Box 17160
Urbana, IL  61801
chad@beckettwebber.com

Parties and interested persons may access this filing through the Court's system

            Respectfully submitted

            ARCHER-DANIELS-MIDLAND COMPANY,
            Plaintiff,

            s/Jerrold H. Stocks
            06201986
            Attorney for Plaintiff
            Winters, Featherstun, Gaumer, Postlewait,
             Stocks & Flynn
            225 N. Water St., Suite 200
            P. O. Box 1760
            Decatur, Illinois  62525
            Telephone:  (217) 429-4453
            Fax:  (217) 425-8892
            jstocks@family-net.net
            jstocks@centralillaw.com