**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | | |
|---|---|---|
| **ARCHER DANIELS-MIDLAND COMPANY, a corporation,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) ) | **Case No.     09-CV-2283** |
| **JONES-BLAIR COMPANY, a corporation, d/b/a NEOGARD, a Division of Jones-Blair Co., a corporation,** | ) ) ) ) | |
| **Defendant.** | ) ) | |

**OPINION**

This case is before the court for ruling on the Motion to Compel Arbitration (#5) filed by Defendant, Jones-Blair Company (Jones-Blair). Plaintiff, Archer Daniels-Midland Company (ADM) has filed a Response to the Motion (#6). This court has carefully considered the arguments of the parties. Following this careful and thorough review, the Motion to Compel Arbitration (#5) is GRANTED.

BACKGROUND

On November 19, 2009, Jones-Blair filed a Notice of Removal of Civil Action (#1). Jones-Blair attached a Complaint filed by ADM in the circuit court of Macon County. Jones-Blair stated that the case was removable based upon diversity jurisdiction. ADM is a Delaware corporation with its principal place of business in Decatur, Illinois, and Jones-Blair is a Texas corporation with its principal place of business in Dallas, Texas. In addition, ADM is seeking recovery in an amount greater than $75,000.

In Count I of the attached Complaint, ADM alleged breach of contract. ADM alleged that

ADM and Jones-Blair entered into a Neogard Maintenance Agreement on November 14, 2001, and

that Jones-Blair failed to perform repairs required by the terms of the agreement.  ADM attached a

copy of the Maintenance Agreement to the Complaint as Exhibit "A."  In Count II, ADM alleged

that Jones-Blair violated the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill.

Comp. Stat. 505/1 et seq. (Consumer Fraud Act).  ADM alleged that, under the terms of the attached

Maintenance Agreement, Jones-Blair agreed "to repair leaks or membrane failures which are caused

by faulty materials or workmanship or by ordinary wear and tear and which are not caused by any

of the causes excluded from coverage."  ADM alleged that Jones-Blair has refused to repair the roof

and breached the Maintenance Agreement.  ADM alleged that Jones-Blair guaranteed that it would

repair leaks or membrane failures and has refused to do so.  ADM alleged that Jones-Blair engaged

in deceptive business practices and misrepresented to ADM a promise which it had no intent to

honor in violation of the Consumer Fraud Act.

MOTION TO COMPEL

On November 25, 2009, Jones-Blair filed a Motion to Compel Arbitration (#5).  Jones-Blair

stated that the Maintenance Agreement attached to ADM's Complaint contains a clear agreement

to arbitrate.  The Maintenance Agreement expressly provides that "Any controversy relating to the

terms of this warranty shall be settled by binding arbitration administered by the American

Arbitration Association, and the parties hereto irrevocably consent to such arbitration to be

conducted in Dallas, Texas."  The Maintenance Agreement further provides that it is "governed by

and construed in accordance with the laws of the State of Texas, United States of America."

Jones-Blair argued that the arbitration provision in the Maintenance Agreement plainly

covers ADM's claims, which have been expressly based on the alleged breach of the Maintenance

Agreement.  Jones-Blair argued that, based upon the agreement to arbitrate, arbitration is required

under both federal law and Texas law.  Jones-Blair set out a lengthy recitation of the applicable law

and asked this court to stay these proceedings, including discovery, and compel arbitration of

ADM's claims against Jones-Blair, with the arbitration to be brought before the American

Arbitration Association in Dallas, Texas.

On December 14, 2009, ADM filed its Response to the Motion to Compel Arbitration (#6).

ADM did not dispute that arbitration is required as to Count I of its Complaint.  ADM also conceded

that "[c]ommon issues permeate the two counts at issue."  ADM argued, however, that the claims

set forth in Count II are non-arbitrable claims and this cause may proceed with respect to the Count

II claims.  ADM argued that, as a matter of public policy, this court "should not order an arbitration

panel in Texas to resolve a dispute arising out of a Texas corporation's failure to comply with an

Illinois law enacted for the purpose of protecting Illinois residents."  ADM further argued that the

public policy of the States of Illinois to protect consumers is the basis for the cause of action in

Count II, which exceeds the scope of the arbitration clause.  The sole case relied upon by ADM for

this argument is Barter Exchange, Inc. of Chicago v. Barter Exchange, Inc., 606 N.E.2d 186, 192

(Ill. App. Ct. 1992).  However, Barter Exchange was expressly overruled by the Illinois supreme

court in Jensen v. Quik Int'l, 820 N.E.2d 462 (Ill. 2004).  In Jensen, the Illinois supreme court stated

that public policy considerations compelled it to reject the holding of Barter Exchange, noting that

"Illinois public policy favors arbitration as a means of resolving disputes" even when it is

"arbitration in a forum outside of Illinois."  Jensen, 820 N.E.2d at 467.

ANALYSIS

3

This court agrees with Jones-Blair that arbitration is required under both federal and Texas law.  The Federal Arbitration Act (FAA) mandates enforcing arbitration agreements if such agreements are (1) written; (2) part of a contract or transaction involving interstate commerce; and (3) valid under general principles of contract law.  9 U.S.C § 2.  The FAA embodies a federal policy of favoring arbitration, with any doubts with respect to arbitrability resolved in favor of arbitration.  See James v. McDonald's Corp., 417 F.3d 672, 676-77 (7th Cir. 2005).  In accordance with the federal policy favoring arbitration, this court is obliged to compel arbitration, "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute."  See Wright v. Universal Maritime Serv. Corp., 525 U.S. 70, 78 (1998) (citations omitted); see also Int'l Bhd. of Elec. Workers, Local 21 v. Ill. Bell Tel. Co., 491 F.3d 685, 687-88 (7th Cir. 2007).  In addition, Texas law requires arbitration of disputes where a valid agreement to arbitrate exists and the claims asserted fall within the agreement.  See ASW Allstate Painting & Constr. Co., 188 F.3d 307, 311 (5th Cir. 1999).

ADM has not disputed that Count I of its Complaint must be submitted to arbitration under the terms of the Maintenance Agreement.  ADM has made a rather half-hearted attempt to argue that Count II should be allowed to proceed in this court, supported only by an overruled case.  This court rejects this argument as ADM has conceded that Count I and Count II are based on "[c]ommon issues."  This court concludes that the arbitration clause in this case clearly covers the asserted claims, Count I and Count II, both of which are expressly based upon the alleged breach of the Maintenance Agreement between the parties.

IT IS THEREFORE ORDERED THAT:

(1) Jones-Blair's Motion to Compel Arbitration (#5) is GRANTED.

(2) This court hereby orders that the claims included in ADM's Complaint are to be submitted to arbitration pursuant to the arbitration clause included in the Maintenance Agreement between the parties.

(3) This case is hereby stayed pending arbitration.

(4) The Rule 16 scheduling conference set for January 15, 2010, at 2:00 p.m. is hereby converted to a telephone status conference before United States Magistrate Judge David G. Bernthal. On January 15, 2010, Judge Bernthal will schedule future telephone status conferences for purposes of monitoring the status of the arbitration proceedings.

ENTERED this 15th  day of December, 2009

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE